BEN ROSENFELD (SBN 203845)
Law Office of Dennis Cunningham
115 ½ Bartlett Street
San Francisco, CA 94110
Tel:    (415) 285-8091
Fax:    (415) 285-8092

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK BURDETT,

    Plaintiff,

    v.

San Francisco Police Officers RAMON REYNOSO (#854), MARK SHEA (#2092), and SFPD DOEs 1 through 10, inclusive; SAN FRANCISCO SHERIFF'S DEPARTMENT DOEs 11 through 15, inclusive; THE CITY AND COUNTY OF SAN FRANCISCO, and City and County DOEs 16 through 20, inclusive,

    Defendants.

Case No. C-06-0720-JCS

**AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS**

**JURY TRIAL DEMANDED**

In accordance with F.R.Civ.P. 15(a), plaintiff, through counsel, hereby amends once as a matter of right, before defendants have filed or served any responsive pleading.

## I. INTRODUCTION

1. Plaintiff Mark Burdett seeks compensatory and punitive damages against the defendant officers and government entities, and other officials and policymakers yet to be named, for

1 violating his civil rights and causing lasting injury when they wantonly attacked him after
2 leaping to the false conclusion that he had knocked over a police motorcycle during a protest,
3 despite obvious evidence to the contrary, and then falsely arrested him in order to punish and
4 retaliate against him for his status as an Indymedia reporter, and with the substantial purpose of
5 interfering with and chilling his freedoms of expression, assembly, association, and petition.

6     2. In addition, Mr. Burdett seeks damages against DOE #1, a yet unidentified San
7 Francisco Police Officer, who violently swung his baton at Mr. Burdett's head, nearly hitting
8 him, without reason or justification, while Mr. Burdett was merely filming a protest arrest, as a
9 member of the media, from a safe distance.

## II. NOTICE OF RELATED CASE

11     3. Plaintiff has a pending action in the San Francisco Superior Court (Case No. 05-
12 440761), against the same defendants, which arose out of the same nucleus of facts. This
13 complaint adds claims based on violations of the federal civil rights act, 42 U.S.C. § 1983, as
14 well as a claim against DOE #1.

## III. JURISDICTION AND VENUE

16     4. This Court has jurisdiction of these claims under the federal civil rights act, 42 U.S.C.
17 § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343; the United States Constitution; and
18 Federal Common Law.

19     5. Venue in this Court is proper because the acts complained of occurred in San Francisco,
20 CA, and the defendants all lived, worked, and/or conducted business in San Francisco at all
21 relevant times.

## IV. PARTIES

23     6. Plaintiff Mark Burdett is a U.S. citizen, presently residing in the City of Oakland,
24 County of Alameda, California.

25     7. Defendants Ramon Reynoso (#854), Mark Shea (#2092), and DOEs 1 through 10,
26 inclusive, are or were at all relevant times, sworn officers of the San Francisco Police
27 Department ("SFPD"), whether line officers or supervisors. All references within to
28

1 "defendants" plural include these Doe defendants.  Plaintiff will move to substitute their true
2 names after they become known.

3     8.  DOEs 11 through 15, inclusive, are or were at all relevant times San Francisco Sheriff's
4 Department ("SFSD") personnel (whether deputies or supervisors), whose identities are
5 unknown at the present time.  All references within to "defendants" plural include these Doe
6 defendants.  Plaintiff will move to substitute their true names after they become known.

7     9.  Defendant City and County of San Francisco ("CCSF") is a municipal entity
8 incorporated under the laws of the State of California.

9     10. Does 16 through 20, inclusive, are or were at all relevant times City and County of San
10 Francisco officials, policymakers, or entities, whose identities are unknown at the present time.
11 All references within to "defendants" plural include these Doe defendants.  Plaintiff will move to
12 substitute their true names after they become known.

### V.  SCOPE OF EMPLOYMENT;
### JOINT AND SEVERAL LIABILITY; NON-IMMUNITY

15     11. The individual defendants, including all individual Doe defendants, carried out the acts
16 complained of in their individual capacities, under color of state law, in the course and scope of
17 their employment.

18     12. The defendants are jointly and severally liable for any damages awarded.  Under
19 California Government Code § 825(a), the City and County of San Francisco is obligated to pay
20 any compensatory damages and costs awarded against its employees.

21     13. Regarding all actions and causes of action herein alleged and stated, all defendants,
22 including all Doe defendants, violated rights held by plaintiff which were clearly established, and
23 which they had a mandatory duty to uphold, and no reasonable official similarly situated to any
24 of the defendants could have believed that his/her conduct was lawful or within the bounds of
25 reasonable discretion.  All individual defendants, including all individual Doe defendants, thus
26 lack absolute or qualified immunity from suit or liability.

27
28

## VI. FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

14. On or about March 20, 2004, Mark Burdett was reporting for Indymedia, Bay Area, at a demonstration marking the one year anniversary of the U.S. Invasion of Iraq. Mr. Burdett's SFPD press credentials were prominently displayed on his chest, and he was carrying a video camera and microphone, and other cables and equipment.

15. During the march, San Francisco Police officers apparently subdued and arrested a protester. Mr. Burdett had paused to film the arrest, from a safe and lawful distance, along with other reporters or videographers, when a San Francisco Police Officer (Doe 1) advanced on them, wildly swinging his baton at the level of their heads and chests, and coming within inches of Mr. Burdett's head. Video, already produced to the City, depicts these events. Fortunately, he did not strike Mr. Burdett, and it does not appear that he struck anyone else. Had he done so, he likely would have split someone's head open. The Officer's star number cannot be identified from the video, but plaintiff avers that defendant City can identify him, if it endeavors to do so.

16. At approximately 4:15 pm., Mr. Burdett followed a group of people rushing to observe, and in his case video, the violent arrest by SFPD officers of two other persons (one of whom had his arm broken by an officer) at or near Market and Jones Streets. Mr. Burdett was not able to get very close to the scene, and instead was standing at least 30 feet away.

17. While Mr. Burdett was looking through his camera view finder, one or more person(s) unknown to him inadvertently or deliberately knocked over a police motorcycle several feet away from him.

18. An SFPD Officer in the circle around the other arrestee(s) apparently heard the thud, spun around, saw Mr. Burdett, and either leapt or pretended to leap to the conclusion that Mr. Burdett had knocked over the motorcycle. The officer immediately charged Mr. Burdett, even though the officer had not seen Mr. Burdett do so, and Mr. Burdett and others yelled that he was not responsible. Without any justification, the officer attacked Mr. Burdett, swept his leg out, and took him down to the ground.

19. Because Mr. Burdett was holding a video camera and microphone, he could not break his fall, and landed on his head, sustaining a big bruise to his forehead. The attacking officer was then joined by several other officers, who assisted him in violently arresting Mr. Burdett, despite the fact that he in no way resisted them. One of them grabbed and smashed Mr. Burdett's video camera on the ground in order to destroy the evidence of their wrongdoing.

20. Apparently, because some of the cables Mr. Burdett was holding were also running through his hands, one of the officers bent Mr. Burdett's thumb back, ordering him to let go of the cables, which he was not deliberately holding fast to, on threat of having his thumb broken. But this officer had already broken Mr. Burdett's thumb before Mr. Burdett had a chance to respond (if he even could) when the grabbed it and bent it back. Mr. Burdett suffers ongoing injury, loss of sensation, and loss of range of motion.

21. Mr. Burdett was seen briefly in the field by an EMT who apparently was summoned on behalf of the other man whose arm the police broke, but the EMT did not provide any treatment for Mr. Burdett.

22. The officers then caused Mr. Burdett to be transported to 850 Bryant, where Sheriff's personnel held and booked him. They provided him an ice pack for his forehead, but no treatment for his broken thumb. Instead, the official who fingerprinted him caused him more excruciating pain by heedlessly rolling his broken thumb over the fingerprint scanner. Eventually, authorities cited Mr. Burdett out, issuing him two separate citations containing four spurious charges for PC § 148 (resisting, delaying, obstructing arrest); VC § 21950 (motorist must yield to pedestrian); VC § 2800 (failure to comply with a lawful order); and MPC § 22(a) (obstructing a public right of way).

23. Mr. Burdett appeared for his arraignment, where he was informed that the D.A. would not pursue any of the charges.

///

///

## VII. CAUSES OF ACTION

**ONE:** SECTION 1983 – UNLAWFUL DETENTION, ARREST AND IMPRISONMENT
42 U.S.C. § 1983; Fourth Amendment to the U.S. Constitution
Defendants Reynoso, Shea, CCSF, and DOEs 2 through 20

24. Based on the conduct alleged in Part VI above, the above-named defendants, and each of them, are liable to Mr. Burdett for unlawfully detaining, arresting and imprisoning him without consent, probable cause, grounds, or other justification, thereby proximately and foreseeably causing him damage, injury, and loss.

25. Both the SFPD and SFSD defendants are further liable for failing to cite and release Mr. Burdett in accordance with the provisions of Cal. Penal Code § 853.6 and Vehicle Code § 40504.

**TWO:** SECTION 1983 – UNNCECESSARY AND EXCESSIVE FORCE
42 U.S.C. § 1983; Fourth Amendment to the U.S. Constitution
All Defendants

26. Based on the conduct alleged in Part VI, and all the foregoing paragraphs, defendant DOE #1 is liable to Mr. Burdett for using unnecessary, unreasonable and excessive force against him, by violently swinging his baton at Mr. Burdett's head and torso, without consent, probable cause, grounds, or other justification, thereby proximately and foreseeably causing him damage, injury, and loss.

27. Based on the conduct alleged in Part VI, and all the foregoing paragraphs, the SFPD defendants, and each of them (except for DOE #1), are liable to Mr. Burdett for using unnecessary, unreasonable and excessive force against him, when they arrested him at or near Market and Jones Streets in San Francisco, without consent, probable cause, grounds, or other justification, thereby violating his dignity and bodily integrity, invading his privacy, and proximately and foreseeably causing him damage, injury, and loss. That is, these SFPD defendants are liable to Mr. Burdett for violently attacking him, taking him to the ground and causing him to hit his head, and bending and breaking his thumb.

28. Sheriff's Department DOE #11 is liable to Mr. Burdett for compounding the injury and pain to his thumb during the booking process.

**THREE:**  SECTION 1983 – VIOLATION OF FIRST AMENDMENT RIGHTS
42 U.S.C. § 1983; First Amendment to the U.S. Constitution
SFPD Defendants & CCSF

29. Based on the conduct alleged in Part VI, and all the foregoing paragraphs, CCSF and the SFSD defendants, and each of them, are liable to Mr. Burdett for violating his freedoms of expression, assembly, and petition, including his rights and privileges as a reporter, thereby proximately and foreseeably causing him damage, injury, and loss.  That is, they inflicted bodily injury, and caused him to be falsely arrested, detained, and charged with the substantial motivating purpose of interfering with and retaliating against him for engaging in expressive conduct, punishing him extra-judicially, and deterring and chilling his future free expression and assembly.

**FOUR:**  SECTION 1983 – DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
42 U.S.C. § 1983; Fourteenth Amendment to U.S. Constitution; Federal Common Law
Defendants Reynoso, Shea, CCSF, and DOEs 2 through 20

30. Based on the conduct alleged in Part VI, and all the foregoing paragraphs, the above-named defendants, and each of them, are liable to Mr. Burdett for exhibiting deliberate indifference to his needs for medical care, and for failing to summon medical care, despite inflicting injury upon him, and having actual, constructive, and/or inquiry notice of his injuries and need for such care, and for sequestering him from being able to seek such care on his own behalf, thereby proximately and foreseeably causing him damage, injury, and loss.

**FIVE:**  SECTION 1983 – UNLAWFUL SEARCH AND SEIZURE OF PROPERTY
42 U.S.C. § 1983; Fourth Amendment to the U.S. Constitution
Defendants Reynoso, Shea, CCSF, and DOEs 2 through 20

31. Based on the conduct alleged in Part VI, and all the foregoing paragraphs, the above-named defendants, and each of them, are liable to Mr. Burdett for unlawfully and unreasonably searching, seizing, and damaging his camera and other audio/video recording equipment, without consent, probable cause, grounds, or other justification, thereby proximately and foreseeably causing him damage, injury, and loss.

32. For the same conduct, they are also liable to him for depriving him of due process, and for conversion of the camera, based on the extent of the damage caused.

LAW OFFICE OF
DENNIS CUNNINGHAM
SAN FRANCISCO, CA

AMENDED FEDERAL COMPLAINT (BURDETT)

**SIX:** Conspiracy and Cover-up
Federal Common Law
All Defendants

33. Based on the conduct alleged in Part VI, and all the foregoing paragraphs, defendants, and each of them, are liable to Mr. Burdett for distorting and covering up the truth about the wrongs they committed, both individually and by conspiring with one another and/or others. Overt acts include, without limitation: intentionally smashing Mr. Burdett's video camera; recounting the events falsely, through false and misleading statements and omissions in their reports and other documents; failing to seek certain statements or make certain reports in the first place; destroying or concealing evidence, and/or permitting its spoilation; failing to take proper investigative steps; failing to intervene to prevent or mitigate the wrongs committed by one another; failing to comply with agency orders and policies designed to prevent or mitigate the wrongs committed, and to ensure proper review of official misconduct; failing to identify, or to provide discovery which enable plaintiff to identify, DOE #1; failing to preserve and/or produce police video of the protest march; and failing to properly supervise, train, or discipline individual miscreant officers.

## VIII.  DAMAGES AND REMEDIES

34. As an actual and proximate result of the wrongs complained of, Mr. Burdett suffered general and special compensatory damages (including direct, indirect, and emotional damages), presumed damages, and nominal damages, in amounts to be determined by the trier of fact.

35. In addition, the individual defendants' (including Doe defendants) are liable to Mr. Burdett for punitive damages, in amounts to be determined by the trier of fact.

## IX.  JURY TRIAL DEMAND

36. Plaintiff demands a trial by jury as to each and every count against each and every defendant.

## X.  PRAYER FOR RELIEF

37. **WHEREFORE**, plaintiff prays for relief as follows:

– for general and special compensatory damages (including direct, indirect, and

emotional damages), presumed damages, and nominal damages, in amounts to be determined by the trier of fact;

– for punitive damages against the individual defendants, in amounts to be determined by the trier of fact;

– for reasonable attorney's fees and costs and expenses of litigation, pursuant to 42 U.S.C. § 1988; and

– for such other relief as the Court deems just and proper.

## XI. DEFAULT DAMAGES

38. In the event defendants do not answer this amended complaint, plaintiff will seek an order of default and default judgment in the amount of at least $150,000, comprised of $25,000 for each of the six substantive claims pleaded against the defendants herein (unlawful arrest and imprisonment; two incidents of excessive force; retaliation for and interference with free expression association, and petition; unlawful search and seizure of property; deliberate indifference to medical needs; and cover-up/conspiracy), plus costs and attorney's fees.

Respectfully Submitted,

DATED: February 7, 2006

*/s/ - Ben Rosenfeld*_____
BEN ROSENFELD
Attorney for Mark Burdett

## CERTIFICATE OF SERVICE

I, Ben Rosenfeld, declare that I will serve the within Amended Complaint on defendant City and County of San Francisco by delivering a true and correct copy to the Mayor's Office, Room 200, City Hall, San Francisco, CA 94102, as well as by faxing a courtesy copy to Deputy City Attorney Elizabeth Deeley (415-554-3837), counsel for defendants in the related San Francisco Superior Court case.

DATED: February 7, 2006

*/s/ - Ben Rosenfeld*_____
BEN ROSENFELD
Attorney for Mark Burdett