DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ELIZABETH DEELEY, State Bar #23079
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3982
Facsimile:     (415) 554-3837
E-Mail:        elizabeth.deeleyfgov.org

Attorneys for Defendant
CITYAND COUNTY OF SAN FRANCISCO,
OFC. RAMON REYNOSO, INSP. MARK SHEA,
OFC. PHILIP BROWN, OFC. STEPHEN SMALLEY,
OFC. MELVIN BAUTISTA, SGT. MICHAEL CESARI,
SGT DAVID HAMILTON, LT. DAVID LAZAR and
JOHN DELPHIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARK BURDETT, | Case No. C06-0720 JCS |
|---|---|
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL |
| vs. | |
| San Francisco Police Officers RAMON REYNOSO, *et al.* | Date Action Filed:   February 1, 2006<br>Trial Date:          May 14, 2007 |
| Defendants. | |

Plaintiff MARK BURDETT and Defendants CITY AND COUNTY OF SAN FRANCISCO, OFC. RAMON REYNOSO, INSP. MARK SHEA, OFC. PHILIP BROWN, OFC. STEPHEN SMALLEY, OFC. MELVIN BAUTISTA, SGT. MICHAEL CESARI, SGT DAVID HAMILTON, LT. DAVID LAZAR and JOHN DELPHIN  (collectively "the Parties") by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

[Proposed] Stipulated Protective Order
Burdett v. Reynoso, et al, C06-0720 JCS
1
n:\lit\li2006\060903\00405425.doc

1  GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the
2  entry of an order as follows:
3      1.  The following procedures shall be employed and the following terms, conditions, and
4  restrictions shall govern with respect to all discovery produced and disclosed by parties in this
5  proceeding, including all information contained in writings and documents (as broadly defined by
6  Federal Rule of Civil Procedure 34), video and audio recordings, deposition testimony, deposition
7  exhibits, interrogatory responses, and other written, recorded, or graphic matters including electronic
8  databases (the "Discovery Material").
9      2.  This Confidentiality Order shall govern all Discovery Material containing information
10 that the designating or producing party considers in good faith to be or to contain Confidential
11 Material, and such designating or producing party shall be stamped or otherwise designate such
12 Discovery Material "Confidential."
13     3.  Such Confidential Material shall include, without limitation:  all Discovery Material
14 containing peace officer personnel information; all Discovery Material related to any complaints or
15 claims made against or about any employee of the City ad County of San Francisco (the "City")
16 produced by Defendants; all Discovery Material related to personnel records of any City employee
17 produced by Defendants; any Office of Citizen Complaints ("OCC") or Management Control
18 Division ("MCD") records produced by Defendants; any squad assignments or rosters and
19 memoranda related thereto produced by Defendants; and Plaintiff's San Francisco General Hospital
20 Records and San Francisco County Jail Medical Records.
21     4.  Any Confidential Material produced in this action, including the information contained
22 therein, and any summaries, copies, abstracts or other documents derived in whole or in part from
23 such information shall be used only for the prosecution, defense or settlement of this action.  Except
24 by order of the Court, material produced or disclosed in this case shall not be used by any party other
25 than the party providing documents ("Producing Party") for any other purpose, including, without
26 limitation, any business or commercial purpose.  Any party receiving documents ("Receiving Party"),
27 agrees to inform the Producing Party in the event a third-party requests Confidential Material from
28 the Receiving Party.

5. Confidential Material shall be made available only to the Parties; counsel of record engaged for the preparation for trial or any other proceeding in this action, including attorneys, secretaries, paralegals, and all other staff of such counsel; consultants and experts retained by the Parties or their counsel to consult or testify in the case; and other deponents or trial witnesses whom counsel in good faith believe may serve as fact witnesses either at deposition or trial and whose testimony requires that Confidential Material be disclosed to such witnesses.

6. The persons receiving such documents or information shall use them solely for the purpose of this litigation. Confidential Material may be disclosed to persons only to the extent necessary for the preparation or trial of this case. Confidential Material shall not be disclosed directly or indirectly to any other person other than as provided in this Order, except by agreement of the Producing Party. Unauthorized disclosure of the substance, a summary, or any portion of a confidential document constitutes a violation of this Order.

7. In the event that any Confidential Material is disclosed to anyone beyond the scope of that permitted by this Order, whether by agreement or subsequent order, each person receiving such disclosure shall be shown a copy of this Order and shall sign a statement agreeing to be bound by this Order. This Order is enforceable in contempt proceedings.

8. Any briefs, transcripts, exhibits, depositions, or documents which are filed or lodged with the Court which comprise, embody, summarize, discuss, or quote from Confidential Material shall be lodged and/or filed consistent with the procedures outlined in Local Rule 79-5, unless the Court otherwise orders.

9. Nothing in this Order shall be deemed to: (1) limit or waive any right of any party to resist or compel discovery with respect to documents or other material which may be claimed to be privileged or otherwise protected or protectable; (2) preclude any party at any time from seeking and obtaining from the court, on an appropriate showing, additional protection, including an order that material shall not be produced at all; or (3) constitute a ruling on the admissibility of any documents or other material as evidence in this action.

10. All documents covered by this Order and copies thereof will be returned to the Producing Party at the termination of this litigation. On final disposition of this case, the Receiving

1  Party's counsel shall within one month after the final disposition of this case, without request or
2  further order of this Court, return all Information to the Producing Party's counsel of record in this
3  matter.  The provisions of this Order, insofar as they restrict the communication and use of the
4  documents or information covered by this Order, shall, without written permission of the Producing
5  Party or further order of the court, continue to be binding after the conclusion of the action.

6     11.   Should the Receiving Party fail to comply with this agreement, such party and its
7  counsel could be liable for all costs associated with enforcing this agreement, including but not
8  limited to all attorney fees in amounts to be determined by the court.

9     12.   Nothing in this agreement shall prevent a Receiving Party from seeking a court order
10 challenging the confidential material designation by the Producing Party of these documents.

11 Dated:  October 16, 2006

                                DENNIS J. HERRERA
12                              City Attorney
                                JOANNE HOEPER
13                              Chief Trial Attorney
                                ELIZABETH L. DEELEY
14                              Deputy City Attorneys
                           By: /s/_____
15                              ELIZABETH L. DEELEY
                                Attorneys for Defendants
16                              CITYAND COUNTY OF SAN FRANCISCO, OFC.
                                RAMON REYNOSO, INSP. MARK SHEA, OFC.
17                              PHILIP BROWN, OFC. STEPHEN SMALLEY,
                                OFC. MELVIN BAUTISTA, SGT. MICHAEL
18                              CESARI, SGT DAVID HAMILTON, LT. DAVID
                                LAZAR and JOHN DELPHIN
19

20 Dated:  October 9, 2006

21                              ROSENFELD LAW OFFICE
                           By: /s/_____
22                              BEN ROSENFELD
                                Attorney at Law
23                              Attorneys for Plaintiff

24 IT IS HEREBY ORDERED

25

26 DATED:  October __18__, 2006
                                _____
27                              HONORABLE JOSEPH C. SPERO
                                United States Magistrate Judge
28

[Proposed] Stipulated Protective Order                    4                    n:\lit\li2006\060903\00405425.doc
Burdett v. Reynoso, et al, C06-0720 JCS