**United States District Court**
For the Northern District of California

1
2
3
4
5                   UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8    MARK BURDETT,                           No. C-06-00720 JCS
9              Plaintiff,
10        v.
11   RAMON REYNOSO, ET AL.,
12             Defendants.
13   _____/
14
15             **COURT'S PROPOSED JURY INSTRUCTIONS**
16
17
        DATED:  December 11, 2007
18
19
20   _____
     JOSEPH C. SPERO
21   United States Magistrate Judge
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Ladies and gentlemen.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**DUTY OF JURY**

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 3**

**CLAIMS AND DEFENSES**

The plaintiff, Mark Burdett, claims that defendant San Francisco Police Department officers Michael Cesari, Ramon Reynoso, Mark Shea and Steve Smalley deprived him of his rights under the United States Constitution and federal and state laws when they used excessive force and damaged plaintiff's video camera while arresting plaintiff.  Plaintiff also alleges that Defendant John Delfin violated federal and state laws when he fingerprinted plaintiff after his arrest despite the plaintiff's complaint that his thumb was injured.  The plaintiff has the burden of proving these claims.

The defendants deny those claims.  The defendant officers contend that the force that they used to arrest plaintiff was not excessive, and was used for a legitimate purpose.  The defendant officers also contend that they did not intentionally damage plaintiff's video camera.  Defendant Delfin contends that he did not use excessive force or intend to harm the plaintiff during the fingerprinting process.

Defendant Delfin also contends that he was authorized to obtain plaintiff's thumb print impressions and that he did so in accordance with standard professional practices.  Defendant Delfin has the burden of proving these facts.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

After weighing all of the evidence, if you cannot decide whether a party has satisfied the burden of proof, you must conclude that the party did not prove that fact.

You should base your decision on all of the evidence, regardless of which party presented it.

In criminal trials, the prosecution must prove facts showing that the defendant is guilty beyond a reasonable doubt.  But in civil trials, such as this one, the party who is required to prove a fact need only prove that the fact is more likely true than not true.

United States District Court

For the Northern District of California

4

**JURY INSTRUCTION NO. 5**

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**JURY INSTRUCTION NO. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 7**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 8**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted for a limited purpose only.  As I instructed you during the trial, you may consider that evidence only for the limited purpose I described to you during the trial.

**JURY INSTRUCTION NO. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 10**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 11**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness's memory;

3.      The witness's manner while testifying;

4.      The witness's interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness's testimony;

6.      The reasonableness of the witness's testimony in light of all the evidence; and

7.      Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 12**

**DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any such witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. You should consider whether a discrepancy pertains to an important matter or only to something trivial.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 13**

**USE OF NOTES**

 Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**United States District Court**
For the Northern District of California

## JURY INSTRUCTION NO. 14

### USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**JURY INSTRUCTION NO. 15**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 16**

**EXPERTS—QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**JURY INSTRUCTION NO. 17**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 18**

**LEGALITY OF ARREST**

The legality or illegality of the plaintiff's arrest is not a question for you to decide in this case.

**JURY INSTRUCTION NO. 19**

**PLAINTIFF MUST PROVE INDIVIDUAL CONDUCT BY OFFICERS**

Plaintiff has sued multiple members of the San Francisco Police Department and an employee of the San Francisco Sheriff's Department as defendants and alleged that each individual violated his rights by using excessive force against him.  You must evaluate the alleged liability of each officer separately.  You are not permitted to hold an individual liable simply because he was present at the scene of the alleged unlawful conduct.  Instead, you may hold a particular individual liable only if you find that plaintiff has proven that the individual personally participated or conspired in the alleged conduct – in other words, that the individual's own conduct violated plaintiff's rights.

**JURY INSTRUCTION NO. 20**

**SECTION 1983 CLAIMS—INTRODUCTORY INSTRUCTION**

The plaintiff brings two claims under the federal statute, 42 U.S.C. § 1983 ("Section 1983"), which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.  In this case, the parties have stipulated that each defendant acted under color of law.  Therefore, to determine whether the plaintiff should prevail on his § 1983 claims, you will be addressing only the question of whether any defendants have deprived the plaintiff of any rights, privileges or immunities secured by the Constitution or laws of the United States.

In his first § 1983 claim, the plaintiff asserts that defendants Michael Cesari, Ramon Reynoso, Mark Shea and Steve Smalley violated his right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure by using excessive force.

In his second § 1983 claim, the plaintiff asserts that defendants Michael Cesari, Ramon Reynoso and Mark Shea violated his rights under the Fourth Amendment to the United States Constitution when they intentionally damaged his video camera during the course of his arrest.

United States District Court

For the Northern District of California

20

**JURY INSTRUCTION 21**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (NONDEADLY) FORCE**

In his first § 1983 claim, the plaintiff alleges that defendants Michael Cesari, Ramon Reynoso, Mark Shea and Steve Smalley violated his right under the Fourth Amendment to be free from unreasonable seizure by using excessive force to effectuate his arrest.  In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a arrest or in defending himself or others.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that a defendant used excessive force during the course of his arrest.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether a defendant used excessive force in this case, consider all of the circumstances known to the defendants on the scene, including:

1.  The severity of the crime or other circumstances to which the officers were responding;

2.  Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3.  Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.  The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.  The type and amount of force used.

United States District Court
For the Northern District of California

**JURY INSTRUCTION 22**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PROPERTY**

In his second § 1983 claim, the plaintiff alleges that defendants Michael Cesari, Ramon Reynoso and/or Mark Shea deprived him of his rights under the Fourth Amendment to the Constitution when the defendants intentionally damaged his video camera during the course of his arrest.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his property.  In order to prove a defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove by a preponderance of the evidence all of the following elements:

    1.     The defendant damaged the plaintiff's property;

    2.     In damaging the plaintiff's property, the defendant acted intentionally; and

    3.     The defendant's actions were unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the plaintiff must prove by a preponderance of the evidence that the defendant meant to engage in the acts that caused damage to the plaintiff's property.  Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in damaging the plaintiff's property.  The plaintiff must show the defendant acted unreasonably.

United States District Court

For the Northern District of California

22

**JURY INSTRUCTION NO. 23**

**CONSPIRACY CLAIM**

Plaintiff also asserts a separate conspiracy claim based on his first § 1983 claim, for excessive force (see Jury Instruction No. 21).  In particular, he alleges that defendants Michael Cesari, Ramon Reynoso, Mark Shea and Steve Smalley entered into a conspiracy to violate his rights under the Fourth Amendment to the Constitution by agreeing to use excessive force during the course of his arrest.  A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that a defendant used excessive force that harmed Mark Burdett in violation of the Fourth Amendment, then you must determine whether any of the other defendants is also responsible for the harm.  A defendant is responsible if the plaintiff proves both of the following by a preponderance of the evidence as to an individual defendant:

1. That a defendant was aware that a different defendant officer planned to use excessive force on plaintiff; and

2. That the defendant agreed with the different defendant and intended that the excessive force be committed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make a defendant responsible the harm committed by another defendant.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators.  Plaintiff is not required to prove that each participant in the conspiracy personally committed a wrongful act or that he knew all the details of the agreement or the identities of all of the other participants.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION 24**

**SAN FRANCISCO POLICE DEPARTMENT GENERAL ORDERS**

You have heard evidence about particular general orders and policies of the San Francisco Police Department.  The general orders and policies of the San Francisco Police Department guide the conduct of its police officers.  If you find that an officer violated a general order or departmental policy, that does not establish that the officer violated a constitutional right.  The standard for determining whether an officer violated a plaintiff's constitutional rights is explained in other portions of these instructions.  However, you may consider the general orders and policies as a factor bearing on the reasonableness of defendants' conduct, in the circumstances.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 25**

**BANE ACT (CIV. CODE, §52.1)—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff claims that the defendants intentionally interfered with his civil rights by threatening or committing violent acts.  To establish this claim, plaintiff must prove all of the following by a preponderance of the evidence:

1.    That defendant intentionally interfered, through threats, intimidation, or coercion, with one or more of the following rights:

    (a)    Plaintiff's right to be free from unreasonable seizure of his person by use of excessive force in violation of the Fourth Amendment to the United States Constitution (see Jury Instruction No. 21);

    (b)    Plaintiff's right to be free from unreasonable seizure of his property in violation of the Fourth Amendment to the United States Constitution (see Jury Instruction No. 22);

    (c)    Plaintiff's right to engage in news gathering as a member of the media;

2.    That the defendant caused the plaintiff to suffer harm, damage, or loss as a result of interfering with such right(s); and

3.    That the defendant's conduct was a substantial factor in causing the plaintiff's harm, damage, or loss.  A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

25

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 26**

**NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS**

Plaintiff also claims that defendant John Delfin negligently injured his thumb.  To establish this claim, plaintiff must prove all the following:

1.      That the defendant was negligent;

2.      That plaintiff was harmed; and

3.      That the defendant's negligence was a substantial factor in causing plaintiff's harm.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 27**

**NEGLIGENCE – STANDARD OF CARE**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

A fingerprint technician is negligent if he fails to use the skill and care that a reasonably careful fingerprint technician would have used in similar circumstances.  You must decide how a reasonably careful fingerprint technician would have acted in each defendant's situation.

**JURY INSTRUCTION NO. 28**

**CUSTOM OR PRACTICE**

You may consider customs or practices in the community in deciding whether each defendant acted reasonably.  Customs and practices do not necessarily determine what a reasonable person would have done in the defendant's situation.  They are only factors for you to consider. Following a custom or practice does not excuse conduct that is unreasonable.  You should consider whether the custom or practice itself is reasonable.

**JURY INSTRUCTION NO. 29**

**CAUSATION: MULTIPLE CAUSES**

A person's negligence may combine with another factor to cause harm.  If you find that a defendant's negligence was a substantial factor in causing plaintiff's harm, then that defendant is responsible for the harm.  The defendant cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing plaintiff's harm.

**JURY INSTRUCTION NO. 30**

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 31**

**CAL. PENAL CODE SECTION 298(C)**

If plaintiff establishes the elements of a Bane Act violation (Instruction No. 25) or negligence (Instruction No. 26) against defendant John Delfin, you must nevertheless enter a verdict in defendant Delfin's favor if you find that defendant Delfin has established by a preponderance of the evidence that:

1.   Defendant Delfin was authorized to obtain Mark Burdett's thumb print impressions; and

2.   Defendant Delfin obtained Mark Burdett's thumb print impression in accordance with standard professional practices.

**JURY INSTRUCTION 32**

**RE COMPENSATORY DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

The nature and extent of the injuries;

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

The reasonable value of necessary medical care, treatment, and services received to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**United States District Court**
For the Northern District of California

32

**JURY INSTRUCTION NO. 33**

**DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1.    That the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    The amount by which damages would have been mitigated.

If you conclude that the plaintiff failed to use reasonable efforts to mitigate damages, then you should reduce the amount of damages that you award to plaintiff by the amount by which the damages would have been mitigated by reasonable efforts.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 34**

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**JURY INSTRUCTION NO. 35**

**PUNITIVE DAMAGES**

If you find that one or more defendants violated any of plaintiff's state or federal rights, as described above, then you must determine whether the plaintiff has proved by a preponderance of the evidence that the conduct of that defendant or defendants was malicious, oppressive or in reckless disregard of the plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights; or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as the misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

**JURY INSTRUCTION NO. 36**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 37**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 38**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.